UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

№ 05-CV-4979 (JFB)

---

LEON TOWNSEND,

Petitioner,

VERSUS

SUPERINTENDENT,
Riverview Correctional Facility,

Respondent.

---

MEMORANDUM AND ORDER
March 2, 2006

---

JOSEPH F. BIANCO, District Judge:

Leon Townsend, petitioner *pro se*, seeks a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his conviction in state court. Because he failed to commence this proceeding within the one-year period of limitations, as required by 28 U.S.C. § 2244(d)(1), the petition is dismissed.

I. BACKGROUND

On September 17, 2002, petitioner pled guilty to first degree robbery, in violation of N.Y. Penal Law § 160.15. He was sentenced on October 24, 2002 pursuant to a plea agreement, which promised a determinate sentence of ten years' imprisonment. As part of the agreement, petitioner waived his right to appeal.

On May 22, 2003, petitioner filed a *pro se* motion to set aside his sentence or vacate his judgment of conviction pursuant to Sections 440.20 or 440.10 of the New York Criminal Procedure Law, on the ground that he had not been advised that his determinate sentence would be followed by five years of mandatory post-release supervision. His motion was denied by the New York Supreme Court on October 23, 2003.

Petitioner sought leave to appeal the denial of his post-judgment motion on December 4, 2003. That request was denied by the New York State Appellate Division, Second Department, on March 31, 2004. Petitioner sought leave to appeal with the New York Court of Appeals, which was dismissed on July 12, 2004, because it found

that the order was not appealable under New York Criminal Procedure Law § 450.90(1).

By *pro se* application dated October 4, 2005, Townsend petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

II. DISCUSSION

The State argues that the petition should be dismissed because Townsend failed to file it within the applicable statute of limitations. For the reasons set forth below, this Court agrees.

A. Statute of Limitations

Under 28 U.S.C. § 2244(d)(1), there is a one-year statute of limitations on *habeas corpus* petitions that are filed by persons in state custody. Specific to the instant case, the period of limitations began running on the date on which the judgment of conviction became final, which is either the conclusion of direct review, or the expiration of time for seeking direct review. *See* 28 U.S.C. § 2244(d)(1)(A).[1] Since the petitioner never filed a direct appeal from his October 24, 2002 judgment of conviction, his conviction became final, and the statute of limitations clock began running thirty days later on November 23, 2002.[2] After that date, a total of 180 days elapsed before May 22, 2003, the date on which petitioner filed his motion for post-judgment relief in the New York State Supreme Court. The limitations period was tolled during the pendency of those proceedings.[3] Once the Appellate Division denied leave to appeal the State Supreme Court's denial of his post-judgment motion on March 31, 2004, the statute of limitations clock started running again.[4] The remaining time, 185 days, expired long before Townsend filed the instant petition before this Court, on October 4, 2005.

---

[1] Under the statute, the period of limitations begins to run on the latest of four dates: (1) "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"; (2) "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action"; (3) "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"; or (4) "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(A-D).

[2] *See* N.Y. CRIM. PROC. LAW § 460.10 (1)(b) (declaring a 30-day time limit for criminal defendants to file a notice of appeal).

[3] *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").

[4] Although the petitioner later filed for leave to appeal to the New York Court of Appeals, that was not excusable from the statute of limitations period because that court did not have jurisdiction over the appeal under New York Criminal Procedure Law, § 450.90. Under 28 U.S.C. § 2242(d)(2), only *properly filed* post-conviction applications toll the limitations period. Irrespective of this, even if the limitations period was tolled until July 12, 2004 (the date on which the petition to the Court of Appeals was rejected for lack of jurisdiction), Townsend's petition would still have been time-barred because more than 185 days passed between that date and the filing of his habeas petition on October 4, 2005.

2

B. Equitable Tolling

Townsend does not contest the fact that his petition was untimely,[5] but rather offers a variety of excuses for the late date of his petition. He claims that his *pro se* status, his lack of education, his transfer between different prison facilities, his limited access to a law library while he has been incarcerated, and the fact that the late filing was unintentional, all excuse the fact that he did not submit his petition within the one-year statute of limitations under 28 U.S.C. § 2244(d)(1).[6]

In "rare and exceptional" circumstances, the one-year statute of limitations is subject to equitable tolling. *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.), *cert. denied,* 531 U.S. 820 (2000); *see also Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000). In order to obtain the benefit of equitable tolling, a petitioner must make two showings: (1) he must demonstrate that "extraordinary circumstances prevented him from filing his petition on time"; and (2) he must have "acted with reasonable diligence throughout the period he seeks to toll." *Smith*, 208 F.3d at 17. The petitioner bears the burden to affirmatively show that he is entitled to equitable tolling. *See Tran v. Alphonse Hotel Corp.,* 281 F.3d 23, 37 (2d Cir. 2002).

Petitioner is not entitled to equitable tolling in the instant case because his proffered excuses do not constitute extraordinary circumstances under established law. First, a petitioner's *pro se* status and ignorance of the law do not merit equitable tolling.[7] The petitioner is also not entitled to a tolling of the statute of limitations because he has been transferred among prison facilities or has had limited access to a law library–routine restrictions on prison life do not constitute extraordinary circumstances.[8]

---

[5] Townsend admitted that his petition was late in a letter addressed to this Court on November 21, 2005, and in his reply to the State's motion to dismiss his petition as time-barred.

[6] Townsend's excuses appear in his initial petition for habeas corpus, filed before this Court on October 4, 2005, and his reply to the State's motion to dismiss his petition as time-barred.

[7] *See Smith*, 208 F.3d at 18 (holding that petitioner's *pro se* status does not establish sufficient ground for equitable tolling); *Ayala v. Miller*, 2004 WL 2126966, at *2 (E.D.N.Y. Sept. 24, 2004) ("Neither a petitioner's *pro se* status, nor his lack of expertise, provides a basis for equitable tolling of AEDPA's statute of limitations."); *see also Gillyard v. Herbert*, 2003 WL 194692, at *3 (S.D.N.Y. Jan. 30, 2003) (stating that petitioner's *pro se* status, and concomitant ignorance of the law, does not equitably toll the statute of limitations period) (collecting cases); *see also Francis v. Miller*, 198 F. Supp. 2d 232, 235 (E.D.N.Y. 2002) (stating that ignorance of the law and legal procedure is not an extraordinary circumstance to warrant equitable tolling); *Wilson v. Bennett*, 188 F. Supp. 2d 347, 354 (S.D.N.Y. 2002) ("lack of legal knowledge cannot excuse a delay in filing a petition").

[8] *See Lee v. Superintendent*, 2006 WL 229911, at *1 (E.D.N.Y. Jan. 31, 2006) (holding that facility transfers do not constitute a ground for equitable tolling); *Corrigan v. Barbery*, 371 F. Supp. 2d 325, 330 (W.D.N.Y. 2005) ("In general, the difficulties attendant on prison life, such as transfers between facilities, solitary confinement, lockdowns, restricted access to the law library, and an inability to secure court documents, do not by themselves qualify as extraordinary circumstances."); *Lindo v. Lefever*, 193 F.Supp. 2d 659, 663 (E.D.N.Y. 2002) ("[t]ransfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances")*; see also Montalvo v. Strack*, 2000 WL 718439, at *2 (S.D.N.Y. Jun.

3

Similarly, the fact that petitioner's late filing was unintentional does not rise to the level of an extraordinary circumstance meriting equitable tolling.[9] Therefore, none of the reasons for the delay offered by the petition warrant equitable tolling.[10]

In any event, Townsend has also failed to make any showing that he has acted with reasonable diligence during the time in which he became aware of a basis to challenge his conviction in federal court.[11]

Accordingly, this Court holds that equitable tolling of the statute of limitations period is unwarranted in this case.

### III. CONCLUSION

For the foregoing reasons, the petition is DISMISSED as time-barred. 28 U.S.C. § 2244(d)(1). Because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: March 2, 2006
Brooklyn, NY

---

5, 2000) (holding that the transfer between prison facilities does not merit equitable tolling); *Brooks v. Olivarez*, 1998 WL 474160, at *2 (N.D. Cal. Aug. 5, 1998) ("Congress gave prisoners one year to get to federal court after their convictions became final. . . That one year gives the prisoner plenty of time to get to federal court and leaves room for the inevitable delays in mail, unpredictable lockdowns, as well as interruptions in research and writing time common in prison.").

[9] *See, e.g., Hickey v. Senkowski*, 2003 WL 255319, at *4 (S.D.N.Y. Feb. 4, 2003) (holding that *pro se* petitioner's mistake did not constitute an extraordinary or unusual circumstance meriting equitable tolling).

[10] In part of Townsend's initial habeas petition, he appeared to have claimed that he suffered from depression as a result of his incarceration. It is not plain that he is asserting that as an excuse for the lateness of his petition. However, even liberally construing his *pro se* petition to incorporate such an excuse, the Court finds this conclusory excuse to be legally insufficient to justify equitable tolling because petitioner has not presented any evidence that his mental condition prevented him from pursuing his legal rights throughout the one-year period. *See Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000) (finding that a petitioner did not meet his burden to justify equitable tolling based on a claim of depression, where the claim was "conclusory and vague . . . without a particularized description of how her condition adversely affected her capacity to function generally or in relationship to the pursuit of her rights . . ."); *Lee*, 2006 WL 229911, at *2 ("petitioner's allegations do not demonstrate that these health problems rendered him unable to pursue his legal rights during the one-year limitations period"); *see also Rhodes v. Senkowski*, 82 F. Supp. 2d 160, 173 (S.D.N.Y. 2000) (concluding that the petitioner's extreme headaches, depression, hypertension, weight loss, a fungal infection, and an "atypical chest disorder" as a result of AIDS requiring three hospitalizations during the one-year limitations period did not justify tolling the statute of limitations).

[11] *See Gadson v. Greiner*, 2000 WL 1692846, at *2 (E.D.N.Y. Sept. 27, 2000).